IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| David Allen Bowers and<br>Jeanne Merea Bowers, | ) Case No.: 04-03413-BGC-7 |
| Debtors. | ) |
| Acceptance Loan Company, | ) |
| Plaintiff, | ) |
| vs. | ) A. P. No.: 04-00125 |
| Jeanne Merea Bowers, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The matters before the Court are a <u>Complaint</u> filed on July 16, 2004, by the plaintiff, and a <u>Motion to Dismiss</u> filed on August 17, 2004, by the defendant. After notice, a hearing was held on September 1, 2004. Appearing were William Barnes for the plaintiff, and Robert Keller for the defendant. The matter was submitted on the arguments of counsel and the pleadings.

### I. Background

The debtor contends that the complaint does not state a cause of action. Specifically, the debtor contends that the fraud complained of in the complaint was not specifically plead as required.

The opinion of the Court of Appeals for the Eleventh Circuit in <u>U.S. v. Baxter Intern., Inc.</u>, 345 F.3d 866 (11th Cir. 2003) is helpful in addressing the pending issues. Several parts of the opinion explain the competing positions and competing interests in circumstances such as the pending one.

In <u>Baxter</u> some of the defendants raised issues similar to the ones raised by the debtor here. In commenting on those issue, the court agreed with the debtor's position that fraud allegations must be specifically plead. The opinion offers these comments:

> The pleading standards urged by the RSP Defendants are akin to the heightened requirements of Fed.R.Civ.P. 9, which apply to claims of fraud, mistake, duress and other "special matters." Where Rule 9 is implicated, plaintiffs must plead not only the general nature of their injuries but also the specifics of how and when they were injured. See, e.g., Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F.3d 1364, 1380-81 (11th Cir.1997) (under Rule 9(b), plaintiff alleging fraud must plead "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud"); Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir.1993) (Rule 9(b) requires plaintiff in fraud case "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud").

Id. at 883,

The competing interest is of course the liberalized "notice pleading" allowed by the Federal Rules of Civil Procedure. On that point the court recognized:

> Because the Federal Rules embody the concept of liberalized "notice pleading," a complaint need contain only a statement calculated to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47, 78 S.Ct. at 103; see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C.Cir.1998) ("[A] plaintiff need not allege all the facts necessary to prove its claim."). We have observed that the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is "exceedingly low." See In re Southeast Banking Corp., 69 F.3d 1539, 1551 (11th Cir.1995) ( "[F]or better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can.").

Id. at 881.

To resolve the conflict, this Court should apply the standard suggested by the court in Baxter. That standard is:

> In applying Rule 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

2

Id. at 880.

That standard is further defined by the same court in Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678 (11th Cir. 2001) where the court explained:

> A complaint cannot be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp., 208 F.3d 1308, 1310 (11th Cir.2000) (citation omitted). And that is true even where "it may appear on the face of the pleadings that a recovery is very remote and unlikely." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citations and quotations omitted).

## II. Applicable Statutes

The plaintiff's complaint alleges that the debtor committed fraud and that based on that action, the debt owed to the plaintiff is not dischargeable. The plaintiff contends that the debt is not dischargeable pursuant to section 523(a) of the bankruptcy code. The specific subsections that apply are 523(a)(2)((A) and 523(a)(2)(B) of the Bankruptcy Code.

### A. Section 523(a)(2)(A)

Pursuant to section 523(a)(2)(A) of the Bankruptcy Code, debts are nondischargeable for, "money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...." 11 U.S.C. § 523(a)(2)(A)(emphasis added).

For a debt to be declared nondischargeable pursuant to 523(a)(2)(A), a creditor must prove, "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996).

### B. Section 523(a)(2)(B)

Pursuant to section 523(a)(2)(B) of the Bankruptcy Code, debts are nondischargeable for:

> money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for such money,

3

property, services, or credit reasonably relied; and that the debtor caused
to be made or published with intent to deceive ....

11 U.S.C. § 523(a)(2)(B)(emphasis added).

### C. Interplay between Sections 523(a)(2)(A) and 523(a)(2)(B)

Section 523(a)(2)(A) makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by "false pretenses, a false representation, or actual fraud, <u>other than a statement respecting the debtor's or an insider's financial condition</u>." 11 U.S.C. § 523(a)(2)(A) (emphasis added).  Section 523(a)(2)(B) makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by, "use of a statement in writing (I) that is materially false; (ii) <u>respecting the debtor's or an insider's financial condition</u>; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to made or published with the intent to deceive." 11 U.S.C. § 523(a)(2)(B) (emphasis added).

Expressly excluded from the operation of Section 523(a)(2)(A) are statements respecting a debtor's financial condition.  And section 523(a)(2)(B) expressly relates only to written statements respecting a debtor's financial condition.  Consequently, a false oral statement made by a debtor about his financial condition cannot create or result in a debt which is not dischargeable under either section.  And a false written statement not respecting the debtor's or an insider's financial condition cannot create or result in a debt which is nondischargeable under section 523(a)(2)(B).

### III. The Complaint

In its complaint, the plaintiff alleges that the debtor contracted with the plaintiff to purchase a vehicle but at the time of the purchase the debtor did not have the ability to pay for the vehicle.  From the pleading, it is clear that the transaction occurred.  Subsequently, the complaint alleges that the debtor failed to pay for the vehicle and that the plaintiff has been harmed.

### IV. Conclusions

Based on the standards in this Circuit, the Court finds that the pending complaint survives the debtor's 12(b)(6) motion.  Notwithstanding the requirement that "fraud" must be specifically plead, the Court finds that the complaint gives the debtor fair notice that the plaintiff is objecting to the debt between the parties relating to their transaction in regard to the sale of a 1996 Jeep.  The complaint contains sufficient information to state a claim on which relief could be granted under section 523(a)(2), subsection (A) or (B).

4

Whether the plaintiff can ultimately prove fraud that causes the debt to be non-dischargeable, is of course another issue, but for now, there are sufficient allegations.

In contrast, the plaintiff should amend its complaint to specifically identify the facts and law on which it relies. If such an amendment is not filed within 20 days of the date of this order, the Court will reconsider the motion to dismiss at a status conference to be held on October 27, 2004, (as set in the accompanying order). If an amended complaint is filed, the debtor should answer within 20 days of the filing.

A separate order will be entered contemporaneously with this Memorandum Opinion.

Dated: September 14, 2004      /s/Benjamin Cohen
                               BENJAMIN COHEN
                               United States Bankruptcy Judge

5