IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David Allen Bowers and | ) | |
| Jeanne Merea Bowers, | ) | Case No.: 04-03413-BGC-7 |
| | ) | |
| Debtors. | ) | |
| | | |
| Acceptance Loan Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 04-00125 |
| | ) | |
| Jeanne Merea Bowers, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The matters before the Court are the plaintiff's <u>Complaint</u>, as amended, seeking permission to prosecute a claim for fraud against the debtor and a <u>Motion for Relief from the Automatic Stay</u> filed by Acceptance Loan Company on May 19, 2004, seeking permission to continue prosecution of the state court complaint filed against the defendant.

After notice, a hearing was held on October 27, 2004. Appearing were William Barnes for the plaintiff, and Heath Johnson for the defendant. The matter was submitted on the arguments of counsel and the pleadings.

### I. Background

On May 19, 2004, Acceptance Loan filed its <u>Motion for Relief from the Automatic Stay</u>. After notice, a hearing was scheduled for June 15, 2004, and continued to July 7, 2004. Appearing at the July 7 hearing were the debtors; their attorney Mr. Jimmy Calvert; and Mr. Barnes.

The Court entered an <u>Order</u> on July 15, 2004, on the <u>Motion for Relief from the Automatic Stay</u>. That order reads in part:

> The motion before the Court seeks relief from the automatic stay for Acceptance: (1) to take possession of and sell the vehicle; and, (2) to continue with its pending state court litigation.

**Possession of the Vehicle**

At the July 7 hearing on this matter, the debtors agreed to deliver the vehicle to Acceptance and agreed to relief from the stay for the purpose of Acceptance liquidating the collateral. The parties disagreed as to whether the state court proceeding should go forward.

Based on the pleadings and the representations of counsel at the hearing, the Court finds that the portion of the Motion for Relief from the Automatic Stay relating to Acceptance's request to take possession of and sell the vehicle is due to be granted.

**Complaint**

Based on the pleadings and the representations of counsel at the hearing, the Court finds that portion of the Motion for Relief from the Automatic Stay relating to the state court action is premature. In its motion Acceptance stated that it, "objects to discharge of this debt, or any portion thereof, pursuant to 11 U.S.C. § 523. Exceptions to discharge (a)(2)". However, no complaint to determine the dischargeability of any debt Acceptance contends is owed by the debtor has been filed. And unless such a complaint is filed within the deadline set in this case, any debt alleged to be nondischargeable pursuant to section 523(a)(2), will be dischargeable after the deadline established by section 523(c) expires. That deadline in this case is **July 19, 2004.** Because no complaint has been filed, the issue of dischargeability has not been joined and is not before the Court. Consequently, the pending motion does not raise an issue for this Court to decide.

Based on the above, the Court finds that the Motion for Relief from the Automatic Stay is due to be denied, without prejudice to the movant to file another motion if a complaint to determine the dischargeability of the alleged debt is filed.

It is therefore **ORDERED**:

1. That portion of the Motion for Relief from the Automatic Stay relating to Acceptance's request to take possession of and sell the vehicle is **GRANTED**;

2. That portion of the Motion for Relief from the Automatic Stay relating to Acceptance's request to prosecute its state court action is **DENIED** without prejudice to Acceptance to ask that the motion be returned to the Court's calendar if the alleged debt is not discharged by operation of law.

Order, July 15, 2004, Proceeding No. 24 (footnote omitted).

The plaintiff filed its nondischargeability Complaint in this Court on July 16, 2004. On August 17, 2004, the defendant filed an answer to the Complaint and a Motion to Dismiss the adversary proceeding. After notice, a hearing was held on September 1, 2004, on the Complaint and the Motion to Dismiss. Appearing were Mr. Barnes and Mr. Robert Keller for the defendant. The Motion to Dismiss was submitted on the arguments of counsel and the pleadings.

The Court entered its opinion and order on September 14, 2004, denying the Motion to Dismiss and giving the plaintiff additional time to file an amended complaint. The Court scheduled a status conference for October 27, 2004, on the plaintiff's amended complaint, if filed, and on the Motion for Relief from the Automatic Stay filed in the main case.

On September 27, 2004, the plaintiff filed its Amended Complaint and a Brief and Memorandum of Law in Support of Creditor's Complaint. The defendant filed an Answer on October 4, 2004. The hearing was held on October 27, 2004. Appearing were Mr. Barnes and Mr. Johnson. The Court gave the parties until December 14, 2004, to file briefs and the matter was submitted on the argument of counsel and the pleadings.

The Court explained that it would address the initial issue of whether relief from stay should be granted to allow the state court complaint to go forward.

On December 14, 2004, the defendant filed a Brief in Support of Motion to Dismiss, and the plaintiff filed a Brief and Memorandum of Law.

## II. Limited Findings of Fact and Contentions

The plaintiff filed a complaint against the defendant in state court on March 2, 2004, for fraud and breach of contract. The plaintiff demanded a jury trial in the state court. Its state court complaint contains essentially the same fraud allegations as the nondischargeability complaint filed here.

The debtors filed the pending case on April 15, 2004. The Chapter 7 trustee filed a report of no assets on May 25, 2004.

In its bankruptcy complaint, the plaintiff alleges that the debtor contracted with the plaintiff to purchase a vehicle but did not have the ability to pay for the vehicle. The complaint alleges that subsequently the debtor failed to pay for the vehicle and that the plaintiff has been harmed. The plaintiff contends that the liability and damages portion of this matter should be tried in state court through its Motion for Relief from the Automatic Stay and asks for permission to do so. The plaintiff argues that this Court should find that the debt the defendant owes for the purchase of the vehicle should not be discharged for fraud pursuant to section 523(a)(2) of the Bankruptcy Code.

3

The defendant contends that this Court should hear all matters and that the pending complaint should be dismissed.

The parties represent that no appreciable work has been completed in the state court matter and the pleadings confirm that agreement.

### III. Issue

The issue is does cause exist for granting relief from the stay to allow the plaintiff to continue with its state court complaint.

### IV. Conclusions of Law

The filing of the debtors' bankruptcy petition under Chapter 7 of the Bankruptcy Code on April 15, 2004, stayed the continued prosecution of the plaintiff's state court complaint against the debtor. The debtor now requests relief from that stay for the purpose of continuing its prosecution against the debtor.

Section 362(d) of the Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d). "Cause" for granting relief from the stay may exist if the equities in a particular case dictate that a lawsuit, or some other similar pending action, should proceed in a forum other than the bankruptcy court for the purpose of liquidating the claim on which the lawsuit is premised.[1] The issue in this proceeding then is whether "cause" to lift the stay exists

---

[1] Wood v. Fielder (In re Wood), 548 F.2d 216 (8th Cir. 1977); Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal), 159 B.R. 90 (D.P.R. 1993), aff'd, 23 F.3d 395 (1st Cir. 1994); Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.), 127 B.R. 453 (E.D. Cal. 1991), aff'd, 965 F.2d 777 (9th Cir. 1992); Murray v. On-Line Business Systems, Inc. (In re Revco D.S., Inc.), 99 B.R. 768 (N.D. Ohio 1989); Broadhurst v. Steamtronics Corp., 48 B.R. 801 (D. Conn. 1985); Harris v. Fidelity and Deposit Co. of Maryland (In re Harris), 7 B.R. 284 (S.D. Fla. 1980); Edmondson v. America West Airlines, Inc. (In re America West Airlines), 148 B.R. 920 (Bankr. D. Ariz. 1993); In re Anton, 145 B.R. 767 (Bankr. E.D.N.Y. 1992); Murray Indus., Inc. v. Aristech Chemical Corp. (In re Murray Indus., Inc.), 121 B.R. 635 (Bankr. M.D. Fla. 1990); In re Saunders, 103 B.R. 298 (Bankr. N.D. Fla. 1989); In re Parkinson, 102 B.R. 141 (Bankr. C.D. Ill. 1988); In re Todd Shipyards Corp., 92 B.R. 600 (Bankr. D.N.J. 1988); Covert v. McGuirt (In re McGuirt), 61 B.R. 974 (Bankr. S.D. Tex. 1986); In re Newport Offshore, Ltd., 60 B.R. 348 (Bankr. D.R.I. 1986); In re Yaffe, 58 B.R. 26 (Bankr. D.C. 1986); Wilson v. Unioil (In re Unioil), 54 B.R. 192 (Bankr. D. Col. 1985); In re Westwood Broadcasting, Inc., 35 B.R. 47 (Bankr. D. Haw. 1983); Metro Mill & Casework v. Fielder (In re Fielder), 34 B.R. 602 (Bankr. D. Col. 1983); Hoenig v. Hoffman (In re Hoffman), 33 B.R. 937 (Bankr. W.D. Okl. 1983). Congress intended that the stay be lifted to allow proceedings to continue in forums other than the bankruptcy court under appropriate circumstances. "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to

4

under Section 362(d).

In prior cases this Court has applied a ten-part test to determine whether actions may be, or should be, litigated in state court. That test is appropriate here.

### A. Ten-part Test

The practical questions before this Court are, should the state court lawsuit continue in the forum in which it originated or should the plaintiff be required to proceed solely in the bankruptcy court. To answer these questions, this Court must balance the hardship to the plaintiff, if it is not allowed to continue the lawsuit, against the potential prejudice to the debtor, the bankruptcy estate, and to other creditors, if the plaintiff is allowed.

To aid in balancing these equities, this Court has considered certain factors. Those include: (1) trial readiness of the proceeding in the non-bankruptcy forum; (2) judicial economy; (3) the resolution of preliminary bankruptcy issues; (4) costs of defense or other potential burden to the debtor or the bankruptcy estate; (5) the creditor's chances of success on the merits; (6) specialized expertise of the non-bankruptcy forum; (7) whether the damages or claim that may result from the non-bankruptcy proceeding may be subject to equitable subordination under Section 510(c); (8) the extent to which trial of the case in the non-bankruptcy forum will interfere with the progress of the bankruptcy case; (9) the anticipated impact on the movant, or other non-debtors, if the stay is not lifted; and, (10) the presence of third parties over which

---

relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5836, 6297. Congress's concept of "cause" is further explained as follows:

> A desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R. Rep. No. 595, at 340-344.

5

the bankruptcy court lacks jurisdiction.[2]

The party requesting relief from the automatic stay must first, of course, present at least a prima facie showing of "cause."[3] The burden is then on the party opposing the motion for relief to show that if a movant is allowed to proceed against a debtor in state court, that there would be prejudice to the debtor, to the bankruptcy estate, or to other creditors.[4]

The following ten factors assist in resolving the pending matters.

## 1. Trial Readiness

The plaintiff filed its state court complaint on March 2, 2004. The debtors filed their bankruptcy petition on April 15, 2004. The plaintiff filed the pending proceeding on

---

[2]See this Court's opinion in In re Tricare Rehabilitation Sys., Inc., 181 B.R. 569, 575 (Bankr. N.D. Ala. 1994). See also Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal), 159 B.R. at 100; Edmondson v. America West Airlines, Inc. (In re America West Airlines), 148 B.R. at 923; In re Anton, 145 B.R. at 770; Murray Indus., Inc. v. Aristech Chemical Corp. (In re Murray Indus., Inc.),121 B.R. at 637; In re Parkinson, 102 B.R. at 142; In re Todd Shipyards Corp., 92 B.R. at 602; Wilson v. Unioil (In re Unioil), 54 B.R. at 195; In re Westwood Broadcasting, Inc., 35 B.R. at 48; Hoenig v. Hoffman (In re Hoffman), 33 B.R. at 941.

Numerous considerations have influenced the balancing operation described in the many published bankruptcy opinions on this subject. Those considerations have been stated and restated in many forms and fashions, but are readily listed, and consistently and routinely followed. This Court previously attempted to catalogue and discuss those considerations in In re Tricare Rehabilitation Sys., Inc., 181 B.R. 569, 573-574 (Bankr. N.D. Ala. 1994). The factors listed have been gleaned from the often cited cases of In re Johnson, 115 B.R. 634, 636 (Bankr. D. Minn. 1989), and In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984). In Tricare, the Court combined and reconciled the list of factors contained in Johnson with the factors listed in Curtis, and discussed those factors within the context of the facts presented in that particular case. To that discussion, the Court would make an additional observation. The factor listed in Curtis as number 12 relating to the anticipated impact on the movant, or other nondebtors, of the bankruptcy court's decision to lift the stay, or not, although it has no corresponding Johnson factor per se, is implicit in any "weighing of the equities" exercise and therefore an important consideration in every case. In re Curtis, 40 B.R. at 799-800.

[3]In re Tricare Rehabilitation Sys., Inc., 181 B.R. at 575. See also Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal), 159 B.R. at 94; In re Anton, 145 B.R. at 769; In re Todd Shipyards Corp., 92 B.R. at 602 n. 2; Wilson v. Unioil (In re Unioil), 54 B.R. at 193.

[4]In re Tricare Rehabilitation Sys., Inc., 181 B.R. at 575. See also Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal), 159 B.R. at 95; In re Anton, 145 B.R. at 769; In re Todd Shipyards Corp., 92 B.R. at 602; Wilson v. Unioil (In re Unioil), 54 B.R. at 194; Hoenig v. Hoffman (In re Hoffman), 33 B.R. at 941.

July 16, 2004. It is clear that no appreciable work has been completed by either the state court or this Court and that neither complaint is ready for trial. The state court is therefore in no better procedural posture to try this case more expeditiously or expediently than this Court.

This factor weighs <u>against</u> granting the relief from the stay.

### 2. Judicial Economy

Principles of judicial economy require that, without good reason, judicial resources should not be spent by duplicitous litigation and that a lawsuit should be tried only once, if one forum with jurisdiction over all parties is available to dispose of all issues relating to the lawsuit.[5] Often, a state court is in the best posture to provide a complete consideration of the issues of liability and damages, among all the parties to a case, and to do so while guaranteeing to each the constitutional rights of due process and a trial by jury. This Court of course must decide whether any debt owed is discharged in bankruptcy. If this Court does not try all matters, two trials <u>may</u> be necessary.[6]

This factor weighs <u>against</u> granting the relief from the stay.

### 3. Resolution of Preliminary Bankruptcy Issues

Since the resolution of the litigation will have no impact on the administration of the bankruptcy estate or any other party to this bankruptcy proceeding, other than those directly involved in the state court litigation, there are no preliminary bankruptcy issues to be resolved before the stay may be lifted.

This factor is in <u>favor</u> of granting the relief from stay.

---

[5]<u>In re Tricare Rehabilitation Sys., Inc.</u>, 181 B.R. at 575. <u>See also</u> <u>Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)</u>, 159 B.R. at 97-98; <u>Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.)</u>, 127 B.R. at 455; <u>Harris v. Fidelity and Deposit Co. of Maryland (In re Harris)</u>, 7 B.R. at 286; <u>In re Anton</u>, 145 B.R. at 770; <u>Edmondson v. America West Airlines, Inc. (In re America West Airlines)</u>, 148 B.R. at 925; <u>Murray Indus., Inc. v. Aristech Chemical Corp. (In re Murray Indus., Inc.)</u>, 121 B.R. at 637; <u>In re Saunders</u>, 103 B.R. at 299; <u>Mattingly v. Newport Offshore, Ltd. (In re Newport Offshore, Ltd.)</u>, 59 B.R. at 285; <u>In re Yaffe</u>, 58 B.R. at 28; <u>Wilson v. Unioil (In re Unioil)</u>, 54 B.R. at 195; <u>In re Westwood Broadcasting, Inc.</u>, 35 B.R. at 49.

[6]The Court emphasizes, <u>may</u> be necessary. See the discussion in item number 6 below.

### 4. Costs of Defense or Other
### Potential Burden to the Debtor or to the Estate

There is no evidence that the costs to the debtors of defending the state court action will be substantially more if the stay is lifted, than if the stay is not lifted. The preparation and trial time and expenses of both would be about equal under either situation.

This factor is in <u>favor</u> of granting the relief from stay.

### 5. The Creditor's Chances
### of Success on the Merits

No evidence was presented or representations were made by the movant regarding the chances of success on the merits in the state court action. Without knowing the evidence the state court will hear, it is not possible for this Court to predict an outcome.

This factor is <u>neutral</u>.

### 6. Specialized Expertise of
### the Non-Bankruptcy Forum

All of the issues regarding liability and damages in this matter strictly involve <u>Alabama state law</u>. The state court judge is most familiar with the law that forms the framework for the resolution of those issues.[7] The law regarding dischargeability is however, federal law. The relationship of one to the other demonstrates why this factor weighs in <u>favor</u> of the relief requested.

#### a. Bankruptcy Fraud Law and State Fraud Law

#### (1) Section 523(a)(2)(A)

Section 523(a)(2)(A) of the Bankruptcy Code makes nondischargeable debts for money, property, services or credit obtained by a debtor by "false pretenses, a false

---

[7]<u>In re Tricare Rehabilitation Sys., Inc.</u>, 181 B.R. at 574 n. 10. <u>See also</u> <u>Goya Foods, Inc. v. Unanue-Casal (In re Unanue-Casal)</u>, 159 B.R. at 98; <u>Murray v. On-Line Business Systems, Inc. (In re Revco D.S., Inc.)</u>, 99 B.R. at 777; <u>Broadhurst v. Steamtronics Corp.</u>, 48 B.R. at 802-03; <u>Edmondson v. America West Airlines, Inc. (In re America West Airlines)</u>, 148 B.R. at 925; <u>In re Parkinson</u>, 102 B.R. at 142; <u>Mattingly v. Newport Offshore, Ltd. (In re Newport Offshore, Ltd.)</u>, 59 B.R. 283, 286 (Bankr. D.R.I. 1986); <u>cf.</u> <u>Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.)</u>, 127 B.R. at 455 (relief from stay granted to allow liquidation of tax claim in state tax court).

8

representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To have a debt declared nondischargeable pursuant to 523(a)(2)(A), a creditor must prove that "the debtor made a false statement with the purpose and intention of deceiving the creditor; the creditor relied on such false statement; the creditor's reliance on the false statement was justifiably founded; and the creditor sustained damage as a result of the false statement." Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). A false statement made without knowledge of its truth or falsity, in reckless disregard of the truth, is treated the same under 523(a)(2)(A) as a false statement made with knowledge of its falsity, and will suffice equally to render the resulting debt nondischargeable. "[R]eckless disregard for the truth or falsity of a statement constitutes a "false representation" under § 523(a)(2)(A) of the Bankruptcy Code." Birmingham Trust Nat'l Bank v. Case, 755 F.2d 1474, 1476 (11th Cir. 1985).

### (2) Section 523(a)(2)(B)

Pursuant to section 523(a)(2)(B) of the Bankruptcy Code, debts are nondischargeable for:

> money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and that the debtor caused to be made or published with intent to deceive ....

11 U.S.C. § 523(a)(2)(B)(emphasis added).

### (3) Interplay between Sections 523(a)(2)(A) and 523(a)(2)(B)

Section 523(a)(2)(A) makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A) (emphasis added). Section 523(a)(2)(B) makes nondischargeable a debt for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by, "use of a statement in writing (I) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to made or published with the intent to deceive." 11 U.S.C. § 523(a)(2)(B) (emphasis added).

Expressly excluded from the operation of Section 523(a)(2)(A) are statements respecting a debtor's financial condition. And section 523(a)(2)(B) expressly relates only to written statements respecting a debtor's financial condition. Consequently, a

false oral statement made by a debtor about his financial condition cannot create or result in a debt which is not dischargeable under either section. And a false written statement not respecting the debtor's or an insider's financial condition cannot create or result in a debt which is nondischargeable under section 523(a)(2)(B).

### (4) Alabama "fraud" law

Section 6-5-101 of the Code of Alabama 1975 provides, "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." Under section 6-5-101, a false representation, even if made by mistake or innocently, is actionable and entitles a plaintiff to compensatory damages. Hall Motor Co. v. Furman, 285 Ala. 499, 504, 234 So. 2d 37, 41 (1970). Fraudulent intent, or an intent to deceive, is not essential to a recovery under that section. Standard Oil Co. v. Johnson, 276 Ala. 578, 581, 165 So. 2d 361, 364 (1964). Neither is knowledge by the defendant of the falsity of his or her representations. First Nat'l Bank of Auburn v. Dowdell, 275 Ala. 622, 626, 157 So. 2d 221, 225 (1963); Barrett v. Hanks, 275 Ala. 383, 385, 155 So. 2d 339, 342 (1963). The good faith of a party in making what proves to be a misrepresentation is immaterial as to the question of whether there was an actionable fraud if the other party acted on the misrepresentation to his detriment. Smith v. Reynolds Metals Co., 497 So. 2d 93, 95 (Ala. 1986). Consequently, the mere assertion of that to be true which is not true, although believed to be true, when made to be relied on and which is relied on to the injury of a party misled thereby, may result in the imposition of liability for compensatory damages. Hudson v. Moore, 239 Ala. 130, 133, 194 So. 147, 149 (1940); Hartselle Real Estate & Ins. Co. v. Atkins, 426 So. 2d 451, 453 (Ala. Civ. App. 1983).[8]

Intentional fraud, which, unlike innocent or mistaken fraud, may entitle the party deceived to receive punitive damages, is elaborated upon further in Code of Ala. 1975, §§ 6-5-103 and 6-5-104. Section 6-5-103 provides:

> Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action.

---

[8]The Supreme Court of Alabama stated long ago:

> One who is negotiating a trade must not recklessly or even innocently assert that as a fact which is untrue if such asserted fact be to any extent an inducement to the other party to enter into the contract. Honest belief in the truth of the statement of such fact, while it exculpates from moral fault, does not relieve from the legal liability to make it good. It is as much a fraud to affirm as true that which is untrue, though not known to be so, as it is to assert what is untrue and known to be so.

Prestwood v. Carlton, 162 Ala. 327, 50 So. 254, 257 (1909).

> Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.

Code of Ala. 1975, § 6-5-103. And section 6-5-104 provides:

> (a) One who willfully deceives another with intent to induce him to alter his position to his injury or risk is liable for any damage which he thereby suffers.
> (b) A deceit within the meaning of this section is either:
> (1) The suggestion as a fact of that which is not true by one who does not believe it to be true;
>
> (2) The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;
> (3) The suppression of a fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for want of communication of that fact; or
> (4) A promise made without any intention of performing it.

Code of Ala. 1975, § 6-5-104.

Sections 6-5-103 and 6-5-104 cumulatively define the mens rea and delineate the conduct necessary to a cause of action for a willful or intentional deception. To satisfy the mens rea requirement of the two statutes, a defendant must have (1) purposely deceived the plaintiff with (2) the intent to induce the plaintiff to act or alter position. The conduct made actionable by the statutes includes (1) intentional misrepresentations (a false statement made by someone who knows the statement to be false); (2) reckless misrepresentations (a false statement made recklessly by someone who may not know the statement to be false or someone who has no reasonable grounds for believing it to be true); (3) fraudulent concealment (non-disclosure by someone who has a duty to disclose); and (4) promissory fraud (a promise made by someone who has no intention of performing the promise).

Regardless of whether a representation was made willfully, recklessly, or mistakenly, in order to obtain a judgment based on fraud, a plaintiff must prove that the defendant made a false representation; that the false representation concerned a material existing fact; that the plaintiff relied upon the false representation; and that the plaintiff was damaged as a proximate result of his or her reliance upon the false representation. George v. Associated Doctors Health & Life Ins. Co., 675 So. 2d 860, 862 (Ala. 1996). Where promissory fraud is involved, the plaintiff must prove two additional elements: (1) that the false promise was made with a present intent to

deceive and (2) that, at the time the false promise was made, the defendant intended not to perform. Valley Properties, Inc. v. Strahan, 565 So. 2d 571, 576 (Ala. 1990).

A misrepresentation, to be actionable, must be one of a material fact. Lawson v. Cagle, 504 So. 2d 226, 227 (Ala. 1987). A fact is considered "material" if it is one that is likely to induce the party to whom the representation is made to take action. Havens v. Trawick, 564 So. 2d 917, 920 (Ala. 1990). But the misrepresentation need not have been the sole motivation for the plaintiff's entering into a contract. It is sufficient if the misrepresentation materially contributed to the plaintiff's making the contract and was of such a character that the plaintiff would not have consummated the contract, had he or she known the falsity of the statement. Bank of Red Bay v. King, 482 So. 2d 274, 282 (Ala. 1985).

A plaintiff must show that reliance on the misrepresentation was reasonable under the circumstances. Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). Where a party has reason to doubt the truth of a representation or is informed of the truth before acting, there is no right to act thereon. M.J.M., Inc. v. Casualty Indem. Exch., 481 So. 2d 1136, 1141 (Ala. 1985). "If the purchaser blindly trusts, where he should not, and closes his eyes where ordinary diligence requires him to see, he is willingly deceived, and the maxim applies, 'volunti non fit injuria '." Torres v. State Farm Fire & Cas. Co., 438 So.2d 757, 759 (Ala. 1983) quoting Munroe v. Pritchett, 16 Ala. 785, 789 (1849).[9] If the circumstances surrounding the pronouncement of the representation would have aroused suspicion as to its validity in the mind of a reasonable person, a plaintiff cannot be said to have reasonably relied upon the misrepresentation. Holman v. Joe Steele Realty, Inc., 485 So.2d 1142, 1144 (Ala. 1986); Cook v. Brown, 393 So. 2d 1016, 1019 (Ala. Civ. App. 1981). But absent suspicious circumstances, or patent falsity, a plaintiff has no duty to affirmatively investigate and determine for himself whether or not the defendant is telling the truth. Shahan v. Brown, 167 Ala. 534, 52 So. 737 (1910).[10]

---

[9]Torres was overruled in Hickox v. Stover, 551 So.2d 259 (Ala. 1989), but was reinstated in Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala. 1997).

[10]The Supreme Court of Alabama explained in that case:

where statements are made of facts, especially where they concern matters which may be assumed to be within the knowledge of the party making them, the party to whom they are made has a right to rely upon them. In the absence of knowledge of his own which would arose suspicion, he is not bound to make inquiries or examine for himself. A party asserting facts cannot complain that the other took him at his word. "Positive representation of a fact cannot be counteracted by the implication that the party might have ascertained to the contrary; under such circumstances he need not institute an independent investigation." McDonald v. Pearson, 114 Ala. 638, 21 South. 534.

12

Punitive damages may not be awarded if liability is imposed based upon innocent or mistaken fraud. Therefore, while the good faith of a party in making a misrepresentation is immaterial to the determination of whether or not a fraud has been committed if another party has acted on the misrepresentation to his or her injury, it is material to the question of damages. Hall Motor Co. v. Furman, 285 Ala. 499, 503, 234 So. 2d 37, 40 (1970).

Punitive damages, by statute, may be awarded only "where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Code of Ala. 1975, § 6-11-20(a). "Fraud" is defined particularly in the statute as, "An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury." Code of Ala. 1975, § 6-11-20(b)(1).

Absent from the statutory list of types of actions that will support an award of punitive damages is an action for "breach of contract." "A claim for breach of contract will not support an award of punitive damages." Nolin v. Dismukes, 554 So.2d 1019, 1020 (Ala. 1989). And the statute was not designed to create a right to punitive damages which did not otherwise exist, or to expand the right to punitive damages to actions which would not have supported such a claim, prior to the statutes' enactment. "Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama." Code of Ala. 1975, § 6-11-20(a).

As the above demonstrates, a judgment can be awarded in state court for fraud where the fraud committed does not rise to the level of nondischargeability as required under the stricter bankruptcy law standard. However, if the facts support a judgment that would qualify for the stricter nondischargeability standard, this Court would be required to apply that judgment in a nondischargeability decision in this Court.

### (5) Collateral Estoppel

Collateral estoppel would preclude the retrial of factual issues actually tried and determined in the state court. See this Court's opinion in Angus v. Wald (In re Wald), 208 B.R. 516 (Bankr. N.D. Ala. 1997). The state court record must, however, be clear as to what issues were actually tried and determined. The dischargeability issue of fraud is governed by federal law and this Court is reluctant to relinquish the determination of that issue since there is a chance that the state court record will be unclear or that the jury will return a general verdict for compensatory damages and not punitive damages. If that occurs, then additional testimony and evidence may be

---

52 So. at 738.

13

required to clarify the state court record. If testimony and evidence is required to clarify the state court record then any judicial economy that may be realized by sending the case to state court may be eviscerated.

This factor weighs in favor of granting the relief from the stay.

### 7. Whether the Damages or Claim that may Result from the Non-Bankruptcy Proceeding may be Subject to Equitable Subordination under 11 U.S.C. § 510(c)

The case is a "no-asset" Chapter 7 case.

This factor is neutral.

### 8. The Extent to Which Trial of the Case in the Non-Bankruptcy Forum Will Interfere With the Progress of the Bankruptcy Case

The bankruptcy case cannot be closed until the instant adversary proceeding is resolved. If relief from the stay is granted, the section 523 portion of the adversary proceeding will not be resolved until after the trial of the state court lawsuit. Since the case in this Court is a "no asset" case, delay that will result from awaiting the outcome of the state court suit will have no impact on the administration of the bankruptcy estate. Awaiting the outcome of the state court suit will, however, delay the closing of the bankruptcy case, but because there is no issue in the proceeding relating to the debtor's general discharge under section 727 of the Bankruptcy Code, it will not delay entry of that discharge. Because this case may not be closed is of no legal or practical consequence.

This factor weighs in favor of granting the relief from stay.

### 9. The Anticipated Impact on the Movant and other Parties if the Stay is Not Lifted

If the relief from the stay is denied, the plaintiff may not be afforded its jury trial.

This factor weighs in favor of granting the relief from stay.[11]

### 10. The Presence of Third Parties Over Which the Bankruptcy Court Lacks Jurisdiction

---

[11] The defendant contends that the plaintiff waived its right to a jury trial. This order does not address that issue.

14

There are no third parties.

This factor is <u>neutral</u>.

## B. Conclusion

Other than the factors that are not neutral, five favor the relief requested and two are against. But as is almost always true, some factors are more important than others. Here those factors are number 6, the expertise of the non-bankruptcy forum in the area of fraud, and number 9, the impact on the movant's right to a jury trial if the stay is not lifted. Both of those factors weigh heavily in favor of the relief requested.

Based on the above-factors, the Court finds that there is cause to grant relief from stay. The liability and damages portion of this proceeding should be resolved in the state court. If the state court finds that the debtor is liable for damages in favor of the plaintiff, the parties must return to this Court for a determination of whether that debt is discharged in this case.

## V. Order

It is **ORDERED, ADJUDGED and DECREED** that:

1. The <u>Motion for Relief from the Automatic Stay</u> is **GRANTED**. The matter before the State Court may proceed

2. The <u>Complaint</u> to determine dischargeability is continued until the State Court has ruled.

Dated: February 3, 2005         /s/Benjamin Cohen
                                BENJAMIN COHEN
                                United States Bankruptcy Judge